**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABDEL JABER SALEH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18 C 1812** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **RANDY PFISTER, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a motion to take no more than two depositions in excess of the ten-deposition limit of Fed.R.Civ.P. 30(a)(2). For the following reasons, the Motion [Dkt. #132] is granted.

Unlike plaintiff's previous motion to take any number of additional depositions on ten incidents added to his Second Amended Complaint, the instant Motion is far more focused. And, the Motion seeks no more than two depositions to be done over then next month or so. The facts are these. Ada Johnson is a former Stateville counselor, who interviewed Defendant Dethrow's supervisor shortly after the Plaintiff was denied a make-up commissary trip after he chose Ju'umah services over going to the commissary at the regularly scheduled time. Ms. Johnson's written note appears to have been a reason for the denial of Plaintiff's shopping trip grievance. Plaintiff seeks her deposition to learn what, if anything else, Ms. Johnson did to address Plaintiff's grievance and any further information she gained from Dethrow or others, who witnessed the event. Importantly, Judge Coleman extended discovery back in February to specifically allow for the deposition of Ms. Johnson. [Dkt. #84]. So, clearly, we will allow that deposition to go forward.

The other two depositions have been on the radar for months as well, but scheduling them

appears to have been scuttled by counsel on both sides over-scheduling themselves and perhaps over-complicating this case. Darwin Williams is an IDOC employee the IDOC identified on July 16, 2020 as the person to whom Defendant Pfister delegated his grievance review responsibilities. Plaintiff seeks to obtain information related to Williams' involvement in the review and denial of plaintiff's grievance, and the nature of the purported delegation.

Defendant Gomez is the current Stateville warden. Plaintiff noticed his deposition on June 25, 2020, about the time he was added as a party. Plaintiff claims that, in Defendant Pfister's February 14, 2020 deposition, Pfister admitted to multiple instances in which he did not review plaintiff's grievances asserting discrimination against Muslims, claiming he allowed IDOC personnel he could not identify to sign his name to grievance responses without any consideration of the matters alleged. Plaintiff further claimed that Pfister testified that long-standing policy at Stateville permitted this approach. By taking Gomez's deposition, plaintiff seeks information related to this continued practice as well as information regarding the ability to implement procedures intended to cure continuing discrimination against Muslims at Stateville.

Resolution of discovery disputes is committed to the court's broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Discretion denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers—on virtually identical facts—to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. Compare *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). An abuse of discretion occurs when no reasonable person could take the view of the district court. *U.S. v. Re*, 401 F.3d 828, 832 (7th Cir. 2005).

Consequently, when attorneys get into disputes over routine matters such as this and decide not to give an inch here or there – like stipulating to one or two additional depositions – they are taking their chances when their petty differences come to the court. Is a discovery response adequate? Is a request overly broad? Are twenty depositions too many? Are eleven? One judge will say yes, another will say no. *See Vann-Foreman v. Illinois Cent. R.R. Co.*, 2020 WL 6262361, at *2 (N.D. Ill. Oct. 23, 2020); *Generation Brands, LLC v. Decor Selections, LLC*, 2020 WL 6118558, at *5 (N.D. Ill. Oct. 16, 2020); *Williams v. Estates of Hyde Park, LLC*, 2020 WL 5702297, at *2 (N.D. Ill. Sept. 24, 2020).

In this instance, I exercise that discretion in favor of allowing the additional depositions. Plaintiff has shown the proposed two additional depositions are appropriate. *Radiant Glob. Logistics, Inc. v. BTX Air Express of Detroit, LLC*, 2020 WL 1933818, at *5 (E.D. Mich. Apr. 22, 2020); *see also Hertz Corp. v. Accenture LLP*, 2020 WL 1150053, at *2 (S.D.N.Y. Mar. 9, 2020)("The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them."); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 6894074, at *1 (S.D. Cal. Dec. 18, 2019)("A party seeking to exceed the presumptive limit of ten depositions bears the burden of making a 'particularized showing' of the need for additional depositions."). And they are appropriate in vew of 'the totality of the circumstances, weighing the value of the material sought against the burden of providing . . . ." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Accordingly the plaintiff's motion is granted.

**ENTERED:**____________________________________

**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 11/20/20