**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABDEL JABER SALEH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18 C 1812** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **RANDY PFISTER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The Defendants have filed a Motion for the Entry of a Protective Order. For the following reasons, the Motion [Dkt. # 129] is granted and the protective order will be entered.

The Order Defendant proposes deviates from the standard Northern District of Illinois Confidentiality Order in that it adds an "attorney's eyes only" designation for a higher level of confidentiality and specifies as confidential: 1) material related to Illinois Department of Corrections investigations that could compromise the safety and security of Illinois Department of Corrections operations and 2) personal information relating to other IDOC inmates.

Attorney's-eyes-only designations are not uncommon in prisoner litigation cases and they are not, as Plaintiff suggests, "extraordinary." [Dkt. #131, at 4]. *See, e.g., In re Sec'y, Fla. Dep't of Corr.*, 2020 WL 1933170, at *1 (11th Cir. Mar. 30, 2020); *Utley v. Acevedo*, 2016 WL 4417728, at *6 (E.D. Cal. Aug. 19, 2016); *White v. Jindal*, 2015 WL 181670, at *8 (E.D. Mich. Jan. 14, 2015); *Ellis v. Navarro*, 2012 WL 1294205, at *1-2 (N.D. Cal. Apr. 16, 2012); *Williams v. Williams*, 2011 WL 863500, at *3-4 (N.D. Cal. Mar. 10, 2011). But, in exchange, Plaintiff wants to "flip" the standard challenge-of-designation language of Paragraph 9(b), with the burden on the designator to

apply to the court for a ruling within ten days of a challenge:

> 9(b) Judicial Intervention. If a party's Confidential Information or Attorney's Eyes Only designation is challenged, and the parties do not resolve the challenge pursuant to sub-paragraph 9(a), the document shall cease to be treated as Confidential Information or Attorney's Eyes Only ten (10) business days after such challenge unless the party designating the document as Confidential Information or Attorney's Eyes Only files and serves a motion that identifies the challenged material and sets forth in detail the basis for the Confidential Information or Attorney's Eyes Only designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

[Dkt. #131, at 8].

Counsels' debate on this matter has been typical of the struggles in this case with what should be rather routine discovery. Unfortunately, here, as in so many other unrelated cases, the parties do not even agree on what went on between them during the negotiations over the wording of the Protective Order.[1] However, it looks as though by September 16, 2020, Plaintiff's counsel had provided the amendments to a draft and consented to that version. Defense counsel did not respond for nearly two months when, on November 4th, they indicated they would not produce discovery until *their version* of the Protective Order was in place. The Reply Brief states that its author was on maternity leave, and that she shared this information with defense counsel. When, she does not say. [Dkt. #135, at 7]. In any event, given the history of this case, one suspects that this uncomplicated matter could have been handled more efficiently than with a two-month long stalemate, culminating

---

[1] This is not intended to be critical of counsel. But the reality is in case after case, competing documents are filed which take diametrically opposed positions on what happened at a particular meeting regarding discovery. The difficulty this sort of conflict presents is obvious. Even though facts are outcome determinative, *Sandra T.E. v. South Berwyn School Dist.*, 600 F.3d 612, 619 (7th Cir. 2010), in case after case lawyers continue to differ dramatically on what occurred in meetings in which they were involved.

2

in counsels' third application to court for intervention in about a week.

In any event, we turn to the Plaintiff's proposed amendment. First, the Defendants argue that the Plaintiff's proposed language would impose additional procedures on the parties not supported by the Federal Rules of Civil Procedure. It is not clear what defendant means by that as, generally, it is always the party withholding materials from discovery that has the burden of showing why that's justified. The same goes for showing materials are confidential. *See NEXT Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, 2018 WL 3637356, at *15 (N.D. Ill. July 31, 2018)*; Pfizer Inc. v. Apotex Inc.,* 744 F. Supp. 2d 758, 766 (N.D. Ill. 2010); *One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004) (citing *Union Oil Co. of Cal. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000)).

The next bone of contention between counsel is their shared fear that the other will act baselessly in either designating or challenging designations. Plaintiff thinks his amendment prevents Defendant from making kitchen-sink attorney's-eye-only designations. Defendant thinks Plaintiff's amendment incentivizes Plaintiff's counsel to make baseless challenges to any and all designations. As such, both sides claim they are concerned there will be needless motion practice and court intervention. [Dkt. # 129, at 2; #131, at 5-6; #135, at 4-5]. But I am unwilling to pick one side over the other when each side's offering is predicated on a supposition that the other side will engage in misconduct and that misconduct will be eliminated if only the court chooses "correctly" and picks the "correct" version of the Protective Order. But misconduct is entirely within the control of counsel and I am unwilling to opt for a version of a Protective Order which assumes that one side will act appropriately but the other will not. Consequently, I reject the contention of both sides that their version of the Protective Order is based on a concern that the selected version will eliminate needless

motion practice and the prohibited squandering of judicial resources in this case,[2] a review of the published cases regarding discovery makes it clear beyond any doubt that blame cannot be presumed in advance to be more likely to have occurred on behalf of one side or the other. The case law makes abundantly clear that fault or responsibility for "misconduct" or "mistakes" is not a function of the side a particular lawyer finds himself or herself on. Neither plaintiffs nor defendants have a monopoly on either "goodness" or "misconduct." The fact remains in this case that there have been three rather breathless discovery motions filed in a week over rather routine matters. Whatever the language of the Protective Order, there is at least some likelihood that there will be needless motion practice and squandering of judicial resources by one side or the other. In short, whatever the form of the amendment, needless motion practice is not rendered more or less likely by choosing one party's version over the other.

Distilling the submissions on the plaintiff's amendment down to their essence, the Defendant's main concern seems to be the ten-day clock. Certainly, Plaintiff's concerns for delay on Defendant's part are understandable, so the amendment is a clever device. The Defendant is not happy with it at all, however and argues:

> Because the 10-day clock starts as soon as a party challenges the designation, and because the designating party bears the burden of persuasion—including the burden of finding any relevant case law or other authority—the designating party must start preparing its motion in support for its designation as quickly as possible in case the parties reach an impasse. Indeed, a designating party may fair [sic] better to spend the 10-day clock researching case law to include in a brief than meeting and conferring with opposing counsel.

[Dkt. #135, at 4].

---

[2] *Chapman v. First Index, Inc*., 796 F.3d 783, 787 (7th Cir. 2015); *Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir.1991). *See also* cases cited in *Lawson v. Chicago Rail Link, LLC,* 2013 WL 4401368, *2 (N.D.Ill. 2013).

4

If, as defendant claims, it is standard practice for the IDOC to include attorney's-eyes-only provisions in inmate cases [Dkt. #135, at 2], then much of the legal groundwork ought to be in place. Certainly more than a single case from the Southern District of Illinois. [Dkt. #129, at 1; #135, at 2]. And such research should be in place in order to have a meaningful, good-faith meet and confer. So it is a good idea to have already begun if that research has not already occurred, as it should. If it has not begun, it should begin immediately and it should not be very time consuming as it seems quite simple.

Still, in this instance, again, I see no need to depart from standard practice. While less than optimal, the discovery in this case has not been so different than discovery in countless other cases. With respect to plaintiff's concerns, however, the court will endeavor to make briefing schedules exceedingly brief and rulings as rapid and also brief as allowable, with discovery set to close on December 15th. [Dkt. #115]. But, this is not the only case on the docket and not necessarily more important than any other. *See* cases cited n.1, *supra.* The parties will have to be satisfied with those conditions given the circumstances, and the broad discretion the court has in ruling on disputes the parties are incapable of resolving. *See, e.g., Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996)("[D]iscretion, however, is a flexible term which covers a range of degrees of deference rather than denoting a point within that range."); *Superior Graphite Co. v. Campos*, 2020 WL 5210841, at *7 (N.D. Ill. Sept. 1, 2020); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *2 (N.D. Ill. July 29, 2016).

5

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/20/20