**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABDEL JABER SALEH (#R57679), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 1812 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| DAVID GOMEZ, Warden, Stateville | ) | |
| Correctional Center, JOEY DETHROW, | ) | |
| former Stateville Correctional Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Abdel Jaber Saleh has brought claims against officials at Stateville Correctional Center ("Stateville") alleging violations of the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. Before the Court is defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants defendants' motion.

**Background**

Saleh, a practicing Muslim, has been an inmate in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Stateville during the relevant time period. In this lawsuit, Saleh asserts that on September 8, 2017, defendant Joey Dethrow, a former Stateville correctional sergeant, gave him the choice of either going to the Friday afternoon Islamic Jumu'ah prayer services or to the commissary to complete his shopping – but not both. Saleh chose to go to the Jumu'ah services because, according to his faith, he must attend these services. Other than on September 8, 2017, Saleh has had no difficulty attending both commissary and Jumu'ah on the same day. Saleh further maintains that defendant Dethrow and another correctional officer did not let him go to the commissary make-up line on September 11, 2017.

At his January 2019 deposition, Saleh testified that by denying him access to the commissary due to the Jumu'ah services, defendant Dethrow denied him the opportunity to buy paper, pens, envelopes, and hygiene products. In his September 13, 2017 prison grievance, Saleh complained that by being denied the opportunity to go to the commissary on September 8, 2017 he was denied: (1) writing paper and pens, which relate to his access of the courts; (2) "write-outs," which goes against IDOC's policy of encouraging inmates to keep close relationships with their families; and (3) soap, which goes against the IDOC policy to keep clean.

In his deposition, grievance, original complaint, and amended complaint, Saleh did not mention the lack of opportunity to buy halal-acceptable food, he did not state that the hygiene products he intended to buy were necessary or important to his religious practices, and he made no mention of the need for writing supplies to write religious sermons and speeches. It was not until his second amended complaint that he brought these allegations, which was after the Court's May 2020 ruling on defendants' motion to dismiss where the Court cited, *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019), as an illustration and explained if "Saleh had alleged that he was denied access to the commissary to buy halal meat or other foods required by his religion, he would have stated a plausible claim." After the Court's May 2020 ruling, Magistrate Judge Cole, who was supervised discovery in this matter, noted: "So, it was not until some inadvertent guidance from the district court that plaintiff realized over two years into this case, that his shopping trip was for halal meat."

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.

2

Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "The principal function of summary judgment is to prevent unnecessary trials by screening out factually unsupported claims." *James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020).

**Discussion**

Saleh asserts that defendants violated the Free Exercise Clause of the First Amendment and RLUIPA when he was denied access to the commissary in September 2017. The Free Exercise Clause, "'protects religious observers against unequal treatment' and against 'laws that impose special disabilities on the basis of religious status.'" *Espinoza v. Montana Dept. of Revenue,* 140 S.Ct. 2246, 2254 (2020) (citation omitted). "The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden." *Hernandez v. C.I.R.,* 490 U.S. 680, 699 (1989). This "burden must be more than a mere inconvenience to rise to the level of a constitutional injury." *Vision Church v. Village of Long Grove*, 468 F.3d 975, 999 (7th Cir. 2006) (citation omitted). Similarly, although RLUIPA does not define "substantial burden," the Supreme Court has held that a substantial burden exists when an inmate is required to "engage in conduct that seriously violates [his] religious beliefs." *Holt v. Hobbs,* 574 U.S. 352, 361 (2015).

The focus of Saleh's Free Exercise Clause and RLUIPA claims is that he was denied the opportunity to buy halal-acceptable food, hygiene products necessary to his religion, and writing supplies to write religious sermons and speeches due to defendant Dethrow denying him access to the commissary in September 2017. Saleh contends that because Stateville inmates only get

3

commissary visits once a month, this denial was a substantial burden on his religious beliefs and practice.

In their summary judgment motion, defendants argue that Saleh did not present any evidence that his missed commissary trip for the month of September 2017 was for halal-acceptable food or otherwise had any religious significance. In response, Saleh has filed a new declaration where he avers—for the first time—that his monthly commissary visits are important because he purchases halal-acceptable food, hygiene products to wash before daily prayer, and writing materials for his religious sermons and speeches. Saleh's newly-filed declaration has two problems that are outcome determinative.

First, "[i]n this circuit the sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony." *James,* 959 F.3d at 316. "The organizing principle of our sham-affidavit practice is simply stated: a *genuine* issue of material fact cannot be conjured out of nothing. We adopted the sham-affidavit rule 'to weed out unfounded claims, specious denials, and sham defenses.'" *Id.* (citation omitted) (emphasis in original).

Here, it is abundantly clear that Saleh's May 2021 declaration contradicts his January 2019 deposition testimony. At his deposition, Saleh was asked, "What harm or injury are you alleging in your Complaint?" He responded:

> First of all, [defendant Dethrow] tried to deny me my religious services, denied me access to commissary. By denying me access to commissary, he denied me access to courts, because I can't buy paper, pens, envelopes. He denied me hygiene products. I had to have soap, toothpaste, deodorant, and he denied me to be in compliance with the rules and regulations of the IDOC to maintain good hygiene.

When asked, "so those are all of the injuries?" Saleh replied, "Yes Ma'am." Saleh's present argument that he was proceeding pro se at the time of his January 2019 deposition and was talking about the original complaint does not change his testimony that these were all of the injuries he

suffered. Saleh does not cite any legal authority, nor did the Court could not find any, supporting his contention that the Court should ignore this testimony.

Second, even if the Court did consider Saleh's newly-filed, contradictory declaration, he does not aver that he intended to buy halal-acceptable food in September 2017, and he does not assert that he ran out of halal meals as a result of his missed commissary trip in September 2017. Further, although Saleh argues in his response brief that he had to choose between going a month without adequate nutrition and his religious practice, there is no evidence in the record that Saleh did not receive adequate nutrition due to the denial of attending the commissary in September 2017. Likewise, there is no evidence in the record that Saleh's inability to purchase hygiene products and writing supplies in September 2017 resulted in him not being able to clean himself before daily prayers or write religious sermons and speeches.

Although the Court concluded that Saleh had plausibly alleged his First Amendment and RLUIPA claims in his second amended complaint, in the end, Saleh has failed to present evidence raising a genuine issue of material fact for trial that defendants substantially burdened his religious rights. *See Celotex*, 477 U.S. at 322 ("plain language of Rule 56[ ] mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Therefore, his First Amendment and RLUIPA claims are untenable.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion for summary judgment [163]. Civil case terminated.

IT IS SO ORDERED.

Date: 6/17/2021

Entered: _____
SHARON JOHNSON COLEMAN

5

United States District Judge